UNITED STATES DISTRICT COURT
for the
<u>DISTRICT OF SOUTH CAROLINA</u>
COLUMBIA DIVISION

| | |
|---|---|
| Lance Loughmiller, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>John Heflin, Eric Boland, Brad Lawing, )<br>Casey Robinson and David Thomley, )<br>individually and as agents of Camden )<br>Military Academy, Inc. and )<br>Camden Military Academy, Inc., )<br>)<br>Defendants. )<br>_____ ) | **COMPLAINT**<br><br>Civil Action No.: 3:25-cv-00824-MGL |

The Plaintiff would respectfully show unto the Court and allege:

**JURISDICTION & VENUE**

1. That the Plaintiff, Lance Loughmiller, is a citizen and resident of the State of Florida.

2. That the Defendant, Camden Military Academy, Inc. (hereinafter "CMA"), is a corporation organized and existing under the laws of the State of South Carolina and its principal place of business is located in Camden, South Carolina.

3. That the Defendants, John Heflin, Eric Boland, Brad Lawing, Casey Robinson and David Thomley, are citizens and residents of the State of South Carolina.

4. That the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

5. That this Court has diversity jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. §1332.

6. That venue is proper in this jurisdictional division pursuant to 28 U.S.C. §1391(c).

## FACTUAL ALLEGATIONS

7. That the Plaintiff enrolled at CMA in or about January of 2015 and was a minor child under the age of eighteen at the time of his enrollment, specifically fourteen (14) years of age.

8. That the Defendant, John Heflin, was employed at CMA during all relevant dates and times as CMA's Dean of Students.

9. That the Defendant, Eric Boland has, at all relevant times, been employed at CMA as the Head of School or "Headmaster" and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

10. That the Defendant, Brad Lawing, has, at all relevant times, been employed at CMA as the Commandant of Cadets at CMA and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

11. That the Defendant, Casey Robinson, has, at all relevant times, been employed at CMA as the Dean of Enrollment and Administration at the Academy and has been responsible for the hiring, monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions.

12. That the Defendant, David Thomley, has, at all relevant times, been employed at CMA as the Director of Campus Safety and Security and has been responsible for the monitoring, supervision, training, or retention of Defendant Heflin and other employees involved in the alleged acts or omissions as well as the overall safety and security of the student body at CMA.

13. That prior to the Plaintiff's enrollment at CMA the Plaintiff had no prior relationship nor had any knowledge of Defendant Heflin.

14. That beginning in the Spring semester of 2015 Defendant Heflin began an effort to have an inappropriate relationship with the Plaintiff.

15. That in the Spring of 2015 Defendant Heflin began to engage in perverted and predatory forms of sexually inappropriate conversations, innuendos and contact with the Plaintiff.

16. That prior to the Summer break of 2015 Defendant Heflin offered to the Plaintiff his own personal residence as a place to reside during the summer months so that the Plaintiff could remain close to campus.

17. That Defendant Heflin communicated to the Plaintiff that this would be advantageous for the Plaintiff to remain close to campus for the summer and would be in the minor student's best interest.

18. That at all relevant times, the Defendant Heflin lived alone at a private residence away from campus.

19. That during the summer of 2015 Defendant Heflin began a consistent and continuous pattern of criminal sexual conduct toward the Plaintiff while in his personal

residence which was perverted and predatory in nature.

20. That the criminal sexual conduct would occur on a nearly daily basis.

21. That the numerous episodes of perverted and predatory criminal sexual conduct suffered by the Plaintiff included, but was not limited to, offers of pornography and various types of sex acts, all in violation of the criminal laws of the State of South Carolina.

22. That during the Summer of 2015, during the time the Plaintiff lived with Defendant Heflin, Defendant Heflin would routinely provide alcohol to the Plaintiff in violation of the criminal laws of the State of South Carolina.

23. That during the above dates, Defendant Heflin transported the Plaintiff to another location in Myrtle Beach, South Carolina on at least one occasion where additional acts of perverted and predatory criminal sexual conduct occurred, all in violation of the criminal laws of the State of South Carolina.

24. That after the Plaintiff ended his enrollment at CMA, Defendant Heflin continued to maintain regular contact with the Plaintiff and would often request that the Plaintiff transmit to him sexually explicit photographs and videos of himself.

25. That Defendant Heflin transmitted sexually explicit photos and videos of himself to the Plaintiff on a regular basis.

26. That Defendants Lawing, Boland, Robinson and Thomley, in their individual, official, and supervisory capacities, maintained a culture of willing indifference and reckless disregard by failing to monitor Defendant Heflin and by consciously allowing and permitting students to stay overnight at his private residence. That, additionally, Defendants Lawing, Boland, Robinson and Thomley acted with reckless disregard for the safety of their minor

students (children) in the hiring, training, monitoring, supervision, and retention of Defendant Heflin and failed to exercise their special duties to protect and warn their minor students (children) of the conduct of Defendant Heflin, which all proximately caused the physical and mental injuries in whole or in part suffered by the Plaintiff.

## FIRST CAUSE OF ACTION
### (Sexual Battery as to Defendant John Heflin)

27.     Plaintiff incorporates by reference the relevant and consistent allegations of its previous paragraphs as if fully repeated herein.

28.     That Defendant Heflin wilfully and intentionally touched, groped, fondled, molested, caressed and criminally violated the Plaintiff's most intimate body parts.

29.     That the Plaintiff could not consent to said acts as he was a minor child under the age of eighteen (18) years of age at all relevant times.

30.     That Defendant Heflin's criminal sexual conduct inflicted upon the Plaintiff severe and permanent injuries.

31.     That as a direct and proximate result of Defendant Heflin's criminal sexual conduct Plaintiff suffered and continues to suffer severe and permanent psychological and physical injuries and is therefore entitled to actual and punitive damages in an amount to be determined by a jury.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress
### as to Defendant Heflin)

32.     Plaintiff incorporates by reference the relevant and consistent allegations of its previous paragraphs as if fully repeated herein.

33. That Defendant Heflin wilfully, intentionally and recklessly inflicted severe emotional distress that resulted or was substantially certain to result from the psychological and criminal sexual abuse of Plaintiff.

34. That Defendant Heflin's outrageous conduct was so extreme and outrageous as to exceed all possible bounds of decency and is utterly intolerable in a civilized community.

35. That the Defendant's actions caused Plaintiff severe and permanent psychological injury.

36. That the injuries inflicted upon the Plaintiff were so severe that no reasonable person could be expected to endure them.

37. That as a direct and proximate result of the Defendants' outrageous conduct, Plaintiff suffered and continues to suffer severe and permanent psychological injuries and is therefore entitled to actual and punitive damages in an amount to be determined by a jury.

### THIRD CAUSE OF ACTION
**(Vicarious Liability as to Defendant CMA)**

38. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

39. That the Defendant CMA is vicariously liable for the actions of the Defendants by way of the doctrine of Respondeat Superior because at all times mentioned herein all Defendants were acting within the scope of their employment as agents of the principal Defendant CMA.

40. That as a result of Defendants' negligence, gross negligence, reckless, wilful, and wanton actions, the Plaintiff suffered severe and catastrophic physical, mental and

psychological injuries and is therefore entitled to actual and punitive damages in an amount to be determined by a jury.

### FORTH CAUSE OF ACTION
**(Negligent Hiring, Supervision, and Training
As to Defendants Boland, Robinson, Lawing, and Thomley)**

41. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

42. That the Defendant, John Heflin, intentionally harmed the Plaintiff while serving as an employee of Defendant CMA while on the Defendant CMA's premises. That Defendant CMA, by and through its agents and employees, actually knew or had reason to know that it had the ability to control Defendant Heflin's conduct as an employee, both on and off its premises.

43. That the Defendant CMA, by and through its agents and employees, actually knew of or had reason to know of the duty and obligation to exercise such control over Defendant Heflin because of the special relationship that existed between the minor students (children) and CMA's administration.

44. That as a result of Defendant CMA, and its agents and employee's failure to control and to warn of Defendant Heflin's conduct, Defendant CMA and its agents and employees were wilful, wanton, reckless, negligent, and grossly negligent in creating, promoting, and tolerating an environment where psychological and sexual abuse was likely to occur.

45. That as a direct and proximate result of Defendant CMA's acts and omissions, by and through its agents and employee's wilful, wanton, reckless, negligent and grossly

negligent failure to supervise, control, and warn of Defendant Heflin's conduct, Plaintiff has suffered and continues to suffer severe and permanent physical and psychological injuries and is entitled to actual and punitive damages for an amount to be determined by a jury.

## FIFTH CAUSE OF ACTION
### (Civil Conspiracy, as to all Defendants)

46. That the Plaintiff reaffirms and reiterates all the allegations in the previous paragraphs as if fully repeated and is incorporated herein verbatim.

47. That Defendant CMA, its agents and employees, engaged in an agreement or understanding either explicitly, tacitly, or implicitly, for the purpose of injuring the Plaintiff by:

   a. engaging in a conspiracy of silence and coverup with actual knowledge and notice of Heflin's perverted and predatory behavior which was unlawful, all while endangering the safety and welfare of the minor students (children);

   b. failing to inform the parents or guardians of its minor students (children), who had entrusted Defendant CMA with their children's care and protection, about Defendant Heflin's inappropriate conduct; and

   c. such other particulars as the evidence may show.

48. That Defendant CMA's conspiracy of silence, stonewalling, and coverup directly and proximately caused injury to the Plaintiff.

49. That as a direct and proximate result of Defendant CMA's conduct, the Plaintiff is entitled to all general, punitive and special damages proximately caused by the Defendant CMA.

## SIXTH CAUSE OF ACTION
### (Unfair Trade Practices as to CMA)

50. That the Plaintiff reaffirms and reiterates all the allegations in the previous

paragraphs as if fully repeated and is incorporated herein verbatim.

51. The Defendants have employed unfair methods of competition and unfair or deceptive acts or practice in the conduct of trade or commerce in the following particulars:

   a. Failing to disclose the information available to them regarding the culture and practices at CMA which fostered and encouraged sexual abuse;

   b. In misrepresenting the level of safety at CMA such that parents were misled into believing that their children would be safe at the school;

   c. Engaging in deceptive and unfair methods of competition;

   d. Implementing deceptive and unfair standards and practices to the detriment of Plaintiff;

   e. Providing false and misleading and inaccurate information and assurances regarding the level of safety at CMA to the detriment of Plaintiff;

   f. By other acts and/or omissions yet to be determined or defined; and

   g. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

52. The Defendants' unfair or deceptive conduct affects the public interest in the following particulars:

   a. Acts or omissions which result in individuals paying to have their children placed in a dangerous and unsafe environment;

   b. Acts or omissions which encourage those employed by CMA to engage in inappropriate conduct to further their interests;

53. As a result of CMA's unfair trade practices, Plaintiff has suffered ascertainable loss of money and other losses.

54. The CMA's unfair trade practices are capable of repetition and affect the public interest.

55. CMA knew or should have known that its conduct was a violation of S.C. Code Ann. § 39-5-20. For this reason and others, CMA's use or employment of the unfair or deceptive method, act or practice was a wilful or knowing violation of S.C. Code Ann. § 39-5-20. Accordingly, the Court should award three times the actual damages sustained and provide such other relief as it deems necessary or proper. The Court should also award to Plaintiff reasonable attorney's fees and costs.

**WHEREFORE,** the Plaintiff seek a judgment against the Defendants in an amount to be determined by a jury, for actual and punitive damages and for such other and further relief as this Court deems just and proper.

**Plaintiff demands a jury trial.**

                                          **ALLEN & ALLEN LAW FIRM**

*s/Joshua C. B. Allen*
Joshua C. B. Allen (Fed. Bar #12536)
josh@allenandallenlawfirm.com

*s/Donald L. Chuck Allen*
Donald L. Chuck Allen (Fed. Bar #04064)
chuck@allenandallenlawfirm.com

*s/Austin G. McLain*
Austin G. McLain (Fed. Bar #14326)
austin@allenandallenlawfirm.com
ATTORNEYS FOR PLAINTIFF
PO Box 2861
Anderson, SC 29622
Anderson, South Carolina          (864) 226-6184
                                  (864) 226-1282 (fax)

Dated: 2/14/25