UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lance Loughmiller, | ) | |
| | ) | Case No: 3:25-cv-00824-MGL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| John Heflin, Eric Boland, Brad Lawing, | ) | **JOHN HEFLIN** |
| Casey Robinson, and David Thomley, | ) | **(Jury Trial Demanded)** |
| individually and as agents of Camden | ) | |
| Military Academy Inc., and Camden | ) | |
| Military Academy, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**TO:   JOSHUA C.B. ALLEN, ESQUIRE, DONALD L. CHUCK ALLEN, ESQUIRE, AND AUSTIN G. MCLAIN, ESQUIRE, COUNSEL FOR PLAINTIFF:**

Defendant John Heflin (hereinafter "Defendant") by and through his undersigned counsel, reserves the right to file a motion under Rule 12 of the Federal Rules of Civil Procedure or any other dispositive motion, hereby answers the Complaint of Lance Loughmiller (hereinafter "Plaintiff") by denying each and every allegation not specifically admitted and by demanding strict proof thereof. Defendant further denies that Plaintiff is entitled to the relief that he seeks.

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1. Any allegation contained or implied in the Plaintiff's Complaint not hereinafter admitted, denied, or otherwise explained is denied and this Defendant demands strict proof thereof.

2. The allegations contained in Paragraph 1 of the Plaintiff's Complaint are admitted, upon information and belief.

3. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted, upon information and belief.

4. Responding to the allegations contained in Paragraph 3 of the Plaintiff's Complaint, this Defendant admits that he is a citizen and resident of South Carolina. This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 3 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

5. This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

6. The allegations contained in Paragraphs 5 and 6 of the Plaintiff's Complaint are admitted, upon information and belief.

7. This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

8. This Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 9 through 12 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

10. This Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

11. This Defendant denies the allegations contained in Paragraphs 14 through 17 of the Plaintiff's Complaint and therefore demands strict proof thereof.

12. This Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

13. This Defendant denies the allegations contained in Paragraphs 19 through 26 of the Plaintiff's Complaint and therefore demands strict proof thereof.

14. Responding to Paragraph 27 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

15. This Defendant denies the allegations contained in Paragraphs 28 through 31 of the Plaintiff's Complaint and therefore demands strict proof thereof.

16. Responding to Paragraph 32 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

17. This Defendant denies the allegations contained in Paragraphs 33 through 37 of the Plaintiff's Complaint and therefore demands strict proof thereof.

18. Responding to Paragraph 38 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

19. Responding to the allegations contained in Paragraph 39 of the Plaintiff's Complaint, this Defendant craves reference to the established laws and jurisprudence of the State of South Carolina for an accurate recitation of the law regarding *respondeat superior* and agency as applied to this matter, and denies any allegations inconsistent therewith and demands strict proof thereof.

20. This Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint and therefore demands strict proof thereof.

21. Responding to Paragraph 41 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

22. This Defendant denies the allegations contained in Paragraphs 42 through 45 of the Plaintiff's Complaint and therefore demands strict proof thereof.

23. Responding to Paragraph 46 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

24. This Defendant denies the allegations contained in Paragraphs 47 through 49 of the Plaintiff's Complaint and its subparts, and therefore demands strict proof thereof.

25. Responding to Paragraph 50 of the Plaintiff's Complaint, this Defendant realleges and reincorporates herein each and every response contained above as though set forth herein verbatim.

26. This Defendant denies the allegations contained in Paragraph 51 through 55 of the Plaintiff's Complaint and its subparts and therefore demands strict proof thereof.

27. This Defendant further denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause in his Complaint, or any other relief. This Defendant further denies any negligence, gross negligence, recklessness, willfulness, wantonness, civil conspiracy, intentional infliction of emotional distress, other wrongful actions, and/or liability to Plaintiff.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

28.  This Defendant would further show, upon information and belief, that with regard to some or all of the causes of action appearing in the Complaint, the Plaintiff fails to state a claim upon which relief can be granted. The Complaint should, therefore, be dismissed in whole or in part pursuant to Rules 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Proximate Cause)

29.  This Defendant would further show, upon information and belief, that no acts or omissions on the part of this Defendant were the proximate cause or cause in fact of some or all damages allegedly suffered by the Plaintiff (the existence of such damages being denied). Therefore, the Plaintiff's action is barred in part or in whole.

## FOR A FOURTH DEFENSE
### (Intervening Causes)

30.  This Defendant would further show, upon information and belief, that some or all damages allegedly sustained by the Plaintiff, the existence of which are denied, were a proximate result of one or more independent, efficient, intervening causes which this Defendant pleads as a bar to this action.

## FOR A FIFTH DEFENSE
### (Alleged Damages Caused by a Third-Party)

31.  This Defendant would further show, upon information and belief, that some or all damages allegedly suffered by the Plaintiff (the existence of such damages being denied) were a direct or proximate result of the acts or omissions of another party or parties over whom this Defendant had no control or duty to control. This Defendant therefore pleads the acts of another party or parties as a complete defense to all claims.

## FOR A SIXTH DEFENSE
### (Comparative Negligence)

32. To the extent the discovery conducted in this litigation demonstrates the same, even if this Defendant were negligent in any respect, which is expressly denied, and such conduct operated as a proximate cause of Plaintiff's injuries, if any, which is also expressly denied, this Defendant pleads the defense of Comparative Negligence.

## FOR A SEVENTH DEFENSE
### (Compliance with Standard of Care)

33. This Defendant would further show, upon information and belief, that at all times relevant to the allegations of the Complaint, the actual conduct of this Defendant was in full compliance with the standard of care expected of similar individuals and institutions in South Carolina. All of the conduct of this Defendant was within the acceptable standards and methods and at no time did this Defendant or its agents and employees deviate from the standard of care with respect to the Plaintiff. Thus, the Plaintiff's claims are barred.

## FOR AN EIGHTH DEFENSE
### (Good Faith)

34. This Defendant would further show, upon information and belief, that at all times relevant to the allegations of the Complaint, this Defendant acted in good faith and in a reasonable manner.

## FOR A NINTH DEFENSE
### (Statute of Limitations)

35. This Defendant would further show, upon information and belief, that some or all of the Plaintiff's claims are barred by the applicable statutes of limitations.

## FOR A TENTH DEFENSE
### (Failure of Conspiracy Claim)

36. This Defendant would further show that the Complaint fails to plead additional acts in

furtherance of the alleged conspiracy and instead merely restates the allegations of its other causes of action and characterizes them as a conspiracy. Accordingly, Plaintiff's claim for Civil Conspiracy fails as a matter of law.

**FOR AN ELEVENTH DEFENSE**
**(Intracorporate Conspiracy Doctrine)**

37. Plaintiff's cause of action is barred by the Intracorporate Conspiracy Doctrine.

**FOR A TWELFTH DEFENSE**
**(Charitable Funds Act)**

38. To the extent applicable, this Defendant pleads the protections and limitations contained in the South Carolina Solicitation of Charitable Funds Act. See S.C. Code Ann. § 33-56-10, et seq.

**FOR A THIRTEENTH DEFENSE**
**(Failure to Mitigate)**

39. Plaintiff's claims may be barred or otherwise reduced due to his failure to mitigate damages as required by law.

**FOR A FOURTEENTH DEFENSE**
**(Punitive Damages – Cooper v. Leatherman)**

40. This Defendant would further show, upon information and belief, that pursuant to Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "is not really a fact tried by the jury." Id. at 437 (citation and quotation marks omitted). Therefore, the Plaintiff's request for punitive damages to be determined by the jury violates the United States Constitution.

**FOR A FIFTEENTH DEFENSE**
**(Punitive Damages – Exxon Shipping Co. v. Baker)**

41. This Defendant would further show, upon information and belief, that pursuant to Exxon

Shipping Co. v. Baker, 554 U.S. 471 (2008), if punitive damages are recoverable, which is denied, the amount of punitive damages must be limited to an amount no greater than the award of actual damages.

**FOR A SIXTEENTH DEFENSE**
(**Punitive Damages**)

42. This Defendant would further show, upon information and belief, that the Plaintiff's claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of South Carolina would violate this Defendant's procedural and substantive Due Process rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 3, of the Constitution of the State of South Carolina, in that:

   (a) The judiciary will be allowed to consider evidence of this Defendant's wealth in assessing punitive damages;

   (b) There are no standards of sufficient clarity, objectivity, and uniformity whereby the judiciary may determine the propriety of punitive damages or the amount of any such award;

   (c) The guidelines, standards procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair;

   (d) The vague and inconsistent legal standards for the imposition of punitive damages deprives this Defendant of sufficient notice of the type of conduct and mental state upon which an award of punitive damages could be based; and

   (e) No objective limitations or standards have been established.

**FOR A SEVENTEENTH DEFENSE**
(**Punitive Damages**)

43. This Defendant would further show, upon information and belief, that the Plaintiff's claims for punitive damages are barred because punitive damages are a form of punishment and any such award would violate this Defendant's procedural and substantive Due Process

rights, and Equal Protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 3, of the Constitution of the State of South Carolina in that:

(a) A jury is not provided with standards of sufficient clarity, objectivity, and uniformity for determining the appropriateness of awarding, or the appropriate size of any punitive damages;

(b) A jury is not instructed on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(c) A jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(d) A jury is permitted to award punitive damages under standards for determining liability for, and amount of, punitive damages that are vague and arbitrary and do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible;

(e) A jury is allowed to consider evidence of this Defendant's wealth in assessing punitive damages; and

(f) A jury is not subject to judicial review on the basis of objective and uniform standards.

## FOR AN EIGHTEENTH DEFENSE
**(Punitive Damages)**

44. This Defendant would further show, upon information and belief, that the Plaintiff's claims for punitive damages are barred because they are essentially criminal in nature and a form of punishment, and they seek to deny this Defendant rights guaranteed to defendants in criminal proceedings under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution:

(a) A requirement that the basis for the imposition of punitive damages be proven beyond a reasonable doubt by plaintiff;

(b) The right to separate trials for compensatory and punitive damages; and

(c) The right to a separate hearing for the determination of the amount of punitive damages under applicable provisions of state law.

## FOR A NINETEENTH DEFENSE
### (Punitive Damages)

45. This Defendant would further show, upon information and belief, that the Plaintiff's claims for punitive damages are barred because they seek to impose punishment that is excessive and grossly disproportionate to the misconduct alleged, in violation of Section 15, Article I of the Constitution of the State of South Carolina, which prohibits excessive fines and cruel and unusual punishment.

## FOR A TWENTIETH DEFENSE
### (Limitation on Punitive Damages)

46. This Defendant would further show, upon information and belief, that any award of punitive damages is subject to the limitations set forth in S.C. Code Ann. § 15-32-530.

## FOR A TWENTY-FIRST DEFENSE
### (Bifurcation/Clear and Convincing Evidence)

47. This Defendant would further show, upon information and belief, that the Plaintiff's request for punitive damages is subject to the provisions of S.C. Code Ann. § 15-32-520, including but not limited to the requirement for a bifurcated trial and the clear and convincing evidence standard of proof.

## FOR A TWENTY-SECOND DEFENSE
### (No Double Recovery)

48. This Defendant would further show, upon information and belief, that to the extent the Plaintiff seeks both punitive damages and treble damages, such claims are barred as they would amount to an impermissible double recovery.

## FOR A TWENTY-THIRD DEFENSE
### (Attorneys' Fees Not Recoverable)

49. This Defendant would further show, upon information and belief, that some or all of the causes of action in the Complaint fail to state a claim against this Defendant upon which

the Plaintiff can recover attorneys' fees.

## FOR A TWENTY-FOURTH DEFENSE
### (Apportionment)

50. This Defendant reserves and asserts all rights under S.C. Code Ann. § 15-38-15 to the extent it bars, limits, or apportions any fault or recovery herein.

## FOR A TWENTY-FIFTH DEFENSE
### (Contribution and Indemnity)

51. This Defendant would further show, upon information and belief, that if it is liable to the Plaintiff (which is specifically denied), then other potentially responsible parties would be liable to it in contribution or indemnity. This Defendant pleads the doctrines of contribution and indemnity as a defense in this action.

## FOR A TWENTY-SIXTH DEFENSE
### (Setoff/Recoupment)

52. This Defendant would further show, upon information and belief, that if it is liable to the Plaintiff (which is specifically denied), then it is entitled to a setoff or recoupment for all sums of money recovered from any other potentially liable party or monies obtained from any other collateral source obtained by or on behalf of the Plaintiff by way of any settlement, judgment, or otherwise which the Plaintiff has entered or recovered from any other potentially responsible party.

## FOR A TWENTY-SEVENTH DEFENSE
### (Election of Remedies)

53. This Defendant would further show, upon information and belief, that the Plaintiff will be subject to an election of remedies should he prevail on more than one of his causes of action.

## FOR A TWENTY-EIGHTH DEFENSE
### (Rule 8(c) of the Federal Rules of Civil Procedure)

54. To the extent applicable and not already asserted hereinabove, this Defendant incorporates all affirmative defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure.

## FOR A TWENTY-NINTH DEFENSE
### (Incorporation of Defenses)

55. This Defendant incorporates by reference any and all additional relevant and/or applicable defenses asserted in any Answers to the Complaint which have been filed or may be filed by other Defendants.

## AS TO FURTHER DEFENSES AND CLAIMS

56. This Defendant places the Plaintiff on notice that it will subsequently move to amend this Answer should it appear through discovery or continued fact investigation that additional defenses and/or claims are available.

WHEREFORE, having fully answered the Complaint, Defendant John Heflin prays that the Court inquire into the matters addressed herein and issue its Order dismissing the Complaint with prejudice, or granting this Defendant judgement against the Plaintiff on the Complaint and awards, to the extent available under the law, costs, attorneys' fees, and expenses in this matter, and for such other and further relief as the Court may deem just, equitable, and proper.

*Signature page to follow*

                Respectfully submitted,
                COLLINS & LACY, P.C.


By:   *s/Evan M. Gessner*
       CHRITSIAN STEGMAIER
       Fed ID#: 8007
       cstegmaier@collinsandlacy.com
       EVAN M. GESSNER
       Fed. ID#: 10352
       egessner@collinsandlacy.com
       MICHAEL C. BUNDA
       Fed. ID#: 14017
       mbunda@collinsandlacy.com
       Post Office Box 12487
       Columbia, SC 29211
       803.256.2660
       803.771.4484 (fax)

       ATTORNEYS FOR DEFENDANT JOHN HEFLIN

April 3, 2025
Columbia, South Carolina